UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DESHAWN JOHNSON,
    Plaintiff,

v.                                        Case No. 3:24-CV-1392 (OAW)

STATE OF CONNECTICUT, et al.,
    Defendants.

## INITIAL REVIEW ORDER

Self-represented Plaintiff Deshawn Johnson files this civil rights action for deliberate indifference to health against four defendants: the State of Connecticut, the Connecticut Department of Correction, the Bridgeport Correctional Medical Department, and Medical Nurse Day ("Mrs. Day"), seeking damages in excess of $50,000.00.

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints that seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the court must dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(b), 1915A(b)(1)–(2).

This court has thoroughly reviewed Plaintiff's complaint. For the reasons set forth below, Plaintiff's complaint is **DISMISSED** with leave to amend.

1

**I.    FACTUAL BACKGROUND**

On June 1, 2024, Plaintiff was waiting to receive his nightly medication.  ECF. No. 1 at 4.  Defendant Day passed Plaintiff his medication through his cell door without requesting Plaintiff's name or confirming his identity by other means.  *Id.*  Plaintiff ingested the medication and later learned that the medication was intended for another inmate.  *Id.*  After learning that he had consumed another inmate's medicine, Plaintiff began hyperventilating and hallucinating.  *Id.*  Plaintiff has also, since then, developed anxiety and fearfulness, and is reluctant to accept medication from prison staff.  *Id.*

**II.    DISCUSSION**

Plaintiff contends that Defendants were deliberately indifferent to his health.  *See generally* ECF No. 1.  Because Plaintiff is a pre-trial detainee, his deliberate indifference claim is cognizable under the Fourteenth Amendment.  *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (holding that a pre-trial detainee's deliberate indifference claim, brought via § 1983, is analyzed under the Fourteenth Amendment's Due Process Clause, not the Eighth Amendment's Cruel and Unusual Punishment Clause).

**A. Deliberate Indifference to Health – State Immunity and Official Capacity**

To state a claim under Section 1983, a plaintiff plausibly must allege that a person acting under color of state law deprived them of a federally protected right.  *See* 42 U.S.C. § 1983; *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 924 (1982); *Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999).

The State of Connecticut, the Department of Correction, and the Bridgeport Correctional Medical Department are not persons within the meaning of section 1983, so any claim brought against any of these three defendants is dismissed pursuant to 28 U.S.C. § 1915(a)(B)(1). *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989) ("a State is not a person within the meaning of § 1983"); *Thomas v. Department of Corr.*, No. 3:23-cv-1681 (SVN), 2024 WL 1658460, at *3 (D. Conn. Apr. 17, 2024) ("The Department of Correction is a state agency and is not a "person" subject to suit under section 1983.") (citation modified); *Anderson v. Quiros,* No. 3:24-CV-408 (SVN), 2024 WL 367514, at *1 n.3 (D. Conn. Aug. 6, 2024) (noting that a state agency's medical department is not a person within the meaning of section 1983) (citing *Rose v. Conn., Dep't of Corrs. Osborn Med. Dep't*, No. 3:16-CV-1389 (CSH), 2017 WL 1197673 (D. Conn. Mar. 30, 2017)).

Next, the court analyzes Defendant Day's liability in her official capacity. Although Plaintiff's complaint fails to specify whether he brings claims against Defendant Day in her individual or official capacity, the United States Court of Appeals for the Second Circuit instructs courts to construe such complaints as pleading both official and individual capacity claims. *See Frank v. Relin,* 1 F.3d 1317, 1326 (2d Cir. 1993) ("[A] plaintiff who has not clearly identified in her complaint the capacity in which the defendant is sued should not have the complaint automatically construed as focusing on one capacity to the exclusion of the other."). So, to the extent Plaintiff seeks monetary relief from Defendant Day in her official capacity, Plaintiff's claim is barred by the Eleventh Amendment and is dismissed under 28 U.S.C. § 1915A(b)(2). *See Kentucky v. Graham*, 473 U.S. 159, 169

(1985) (noting the Eleventh Amendment bars damages actions against a state and state officials sued in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (holding Section 1983 does not override a state's Eleventh Amendment immunity).

The only remaining claim is Plaintiff's deliberate indifference claim against Defendant Day in her individual capacity.

### B. Deliberate Indifference to Health – Individual Capacity

A claim that a prison official acted with deliberate indifference towards a pre-trial detainee under the Fourteenth Amendment requires analyzing two prongs. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). The first prong is objective; a plaintiff must show that "the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process." *Id.* The second prong—the "mens rea" or "mental element" prong—is subjective;[1] it requires a plaintiff to show that the defendant "acted with at least deliberate indifference to the challenged conditions." *Id.*

### i. Objective Prong

To establish an objective deprivation under the first prong, Plaintiff must allege facts showing that the challenged condition "pose[d] an unreasonable risk of serious damage to his health … which includes the risk of serious damage to physical and mental soundness." *Id.* at 30 (citation modified); *see also Brock v. Wright*, 315 F.3d 158, 162–

---

[1] "Although the second prong of the deliberate indifference test has historically been labeled by courts as the 'subjective prong,' it 'might better be described as the 'mens rea prong' or 'mental element prong'' as [the United States Court of Appeals for the Second Circuit] uses an objective standard to measure whether a defendant-official acted with deliberate indifference." *Rogers v. Lamont*, No. 3:22-CV-66 (OAW), 2022 WL 3716446, at *3 (D. Conn. Aug. 29, 2022).

63 (2d Cir. 2003) (explaining that a "sufficiently serious" deprivation of plaintiff's due process rights may exist if the plaintiff suffers from an urgent medical condition that can cause death, degeneration, or extreme or chronic pain).  Furthermore, a pre-trial detainee "may not be exposed to conditions that pose an unreasonable risk of serious damage to [their] future health." *See Jabbar v. Fischer*, 683 F.3d 54, 57 (2d Cir. 2012) (citation modified).

Here, Plaintiff does not identify his medical condition which required medication.  Therefore, the court cannot ascertain whether his failure to receive a single dosage of his nightly medication posed an unreasonable risk of serious damage to his health.  Plaintiff also failed to identify the medication which he wrongly consumed. As a result, the court cannot determine whether Plaintiff's ingestion of another inmate's medication posed an unreasonable risk of serious danger to Plaintiff's future health.  Notably, however, Plaintiff alleges that he had an adverse reaction *after* he learned that he had taken another inmate's medication.  *See* ECF No. 1 at 4.  It is thus unclear whether Plaintiff suffered ill-effects as a direct consequence of ingesting another inmates' medication or because Plaintiff learned that he had ingested medication that was not his.  For these reasons, the court is unable to discern, based on the current record, whether Plaintiff has satisfied the first prong of the deliberate indifference test.

### ii. Subjective "Mens Rea" Prong

To satisfy the second prong of the deliberate indifference test, Plaintiff must show that Defendant Day "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial

5

detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35.  Notably, an official's negligence is not enough; instead, the detainee "must prove that an official acted intentionally or recklessly, and not merely negligently." *Id.* at 36.

Plaintiff alleges that Nurse Day gave Plaintiff another inmate's medication without first verifying his identity.[2]  ECF. No. 1 at 5.  District courts in the Second Circuit consistently have held that "the mistaken/negligent administration of incorrect medication is insufficient to support a claim of deliberate indifference under the Eighth Amendment." *Revels v. Correctional Med. Care, Inc.*, No. 17-CV-88 (MAD/TWD), 2022 WL 1224407, at *9 (N.D.N.Y. Apr. 26, 2022) (collecting cases). Further, the absence of allegations concerning a defendant's state of mind is fatal to deliberate indifference claims brought under Section 1983.  *Scelza v. Department of Suffolk Cnty. Corr.*, No. 24-CV-00942 (GRB) (JMW), 2024 WL 1934220, at *5 (E.D.N.Y. May 2, 2024).  Case law thus illustrates that Nurse Day's alleged conduct—mistakenly providing Plaintiff with another inmate's medication—even if presumed true, likely would be negligent but, without more, it would not rise to the level of deliberate indifference.

For these reasons, Plaintiff's deliberate indifference claim brought against Defendant Day in her individual capacity is dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

---

[2] Plaintiff also alleges that the "Medical department sent with Nurse Mrs. Day [the] wrong medication." *See* ECF No. 1 at 5.  This fact is toothless as it does not appear that Plaintiff alleges a supervisory liability claim.  If Plaintiff intended to allege a supervisory liability claim, Plaintiff should properly allege such claim in his amended complaint.

6

### III.     ORDERS

For the reasons set forth herein, it is hereby ORDERED AND ADJUDGED as follows:

1. The complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

2. Plaintiff may file an amended complaint on or before **September 26th.** Plaintiff is cautioned that any amended complaint will completely supersede the current operative complaint.  As a result, the amended complaint must include all cognizable claims, with sufficient corresponding allegations, against all defendants. The amended complaint may not incorporate by reference the current operative complaint which has been dismissed.

3. If Plaintiff changes his address at any time during the litigation of this case, Local Rule 83.1(c)(2) provides that he **MUST** notify the court. Failure to do so can result in the dismissal of the case.  Notably, Plaintiff must give notice of a new address even if he is incarcerated.  Plaintiff should write "PLEASE NOTE MY NEW ADDRESS" on the notice.  It is not enough to include the new address on a letter without indicating that it is a new address.  If Plaintiff has more than one pending case, he should indicate all the case numbers in the notification of his change of address.  Plaintiff should also notify Defendants or counsel for Defendants of his new address.

IT IS SO ORDERED at Hartford, Connecticut, this 26th day of August 2025.

_____/s/_____
Omar A. Williams
United States District Judge